IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re:                          )
                                )
DAVID THOMAS BLANTON,           )          Case No. 04-14412-WSS-7
                                )
        Debtor.                 )

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

---

### NOTICE PURSUANT TO FED.R.BANKR.P. 4001

**YOU MAY NEED TO FILE A RESPONSE TO THIS DOCUMENT WITHIN TEN (10) DAYS FROM THE DATE YOU RECEIVE IT. PLEASE CONSULT AN ATTORNEY OR OBTAIN A COPY OF LOCAL RULE 4001 FROM THE BANKRUPTCY COURT, 201 ST. LOUIS STREET, MOBILE, ALABAMA 36602, (251) 441-5391.**

---

COMES NOW, Singer Asset Finance Company, L.L.C. a secured creditor ("Singer"), by and through counsel, and files this Motion for Relief from the Automatic Stay now protecting the interests of the Debtor.  In support of this Motion, Singer states the following:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 11 U.S.C. §362, and 11 U.S.C. §507, and the Order of Reference, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(A) and (G).

2.      Prior to filing bankruptcy, the Debtor was the recipient of certain guaranteed periodic payments due under a "Settlement Agreement and Release" under which Debtor was to receive the following:  240 monthly payments of $750.00 commencing May 1, 1995 through and including April 1, 2015; and lump sum payments of $10,000.00 due April 1, 2000; $15,000.00 due April 1, 2005; $25,000.00 due April 1, 2010; and $50,000.00 due April 1, 2015 (the "Periodic Payments").

3.      American General Annuity Service Corporation ("American General"), the payor and obligor of the Periodic Payments, purchased a guaranteed investment contract bearing contract

number 10037 (the "Annuity") from American General Life Insurance Company ("AGL") ("the Annuity Issuer").

4.     American General purchased the Annuity in order to fund its obligation to make the periodic payments.

5.     Debtor entered into a loan agreement with supporting documents detailed below (the "Loan Agreement") with Merrick Bank Corporation ("Merrick"), pursuant to which Merrick loaned Debtor the original principal amount of $66,827.00 (the "Loan"). Pursuant to the terms of the Loan Agreement, Debtor agreed to repay the Loan, with interest, as follows: 190 monthly payments of $750.00 commencing October 1, 1998, through and including July 1, 2014; the lump sum payments of $10,000.00 due April 1, 2000, $15,000.00 due April 1, 2005; and $25,000.00 due April 1, 2010.

6.     Contemporaneously with the execution of the Loan Agreement, Merrick assigned its interest in the contract to Singer.

7.     The Loan Agreement executed by Debtor includes, among other items: (a) a Secured Promissory Note evidencing Debtor's obligation to pay the loan specifically by and through the Loan Payments, an obligation secured by Debtor's right to receive the Periodic Payments (the "Collateral"); and (b) a Security Agreement pursuant to which Debtor granted Singer a continuing security interest in and to the Collateral. Debtor must furnish to Plaintiff all of the Collateral; failure to furnish any of the Collateral is a violation of the Loan Agreement.

8.     Debtor represented and covenanted under the Loan Agreement to furnish Singer with the Collateral such that Singer is ensured the benefit of its bargain with Debtor. Debtor covenanted to honor and to comply with the designated payment address instructions for receipt and processing by Singer of the Collateral at all times. Failure to furnish any of the Collateral is a violation of the Loan Agreement.

2

9.     Pursuant to Section 5(d) of the Loan Agreement, Debtor agreed not to make any change in the instructions relating to payment of the Loan Payments and/or the Collateral.

10.     Pursuant to Section 5(f) of the Loan Agreement, Debtor has a continuing duty to immediately deliver to Singer any checks, funds or other forms of payment which Debtor receives on account or in connection with the Collateral.

11.     Section 5(f) further provides that in the event that any of the Collateral is ever denied, diverted, set off, delayed or withheld from Singer by virtue of any claim, demand, attachment or other act or omission of Debtor or any person acting by, through or under Debtor, then Debtor shall pay to Singer within ten (10) days of demand, the entire amount of any such Collateral, together with interest at the rate of eighteen percent (18%) per annum (or the maximum rate allowable by law, whichever is less) from the date when such Collateral should have been received by Singer to the date of the actual payment.  Under the Loan Agreement, Debtor is required to pay any principal, interest and prepayment fees upon default.

12.     Upon information and belief, the Debtor wantonly and willfully breached the Loan Agreement by taking action to undermine Plaintiff's Collateral and enforcement of the Loan Agreement.  Defendant's actions constitute a deliberate default of the Loan Agreement that acts to the sole detriment of Plaintiff.

13.     Singer has demanded that Debtor comply with the Loan Agreement to no avail. Singer has not received the Loan Payments due for October 1, 2003 and thereafter.  Singer has demanded that Debtor forward the aforementioned Loan Payments/Collateral to Singer, but Debtor has failed and/or refused to forward same.

14.     In addition, Debtor may have taken action to instruct American General and/or AGL, the Annuity Issuer, to send the Loan Payments and/or Collateral to an address other than that

3

designated pursuant to the terms of the Loan Agreement. Debtor has willfully and materially breached the terms of the Loan Documents (including but not limited to the Loan Agreement) by changing the instructions for delivery of the Loan Payments and/or Collateral or countenancing same and/or failing to forward to Singer all Loan Payments and/or Collateral received by Debtor immediately after Debtor's receipt of same.

15.     Debtor's conduct confirms a deliberate attempt to undermine Plaintiff's contract rights, Collateral rights, and interest in and to any proceeds of Plaintiff's Collateral. Debtor's conduct confirms his intent to diminish Singer's Collateral and the proceeds of Singer's Collateral to the sole detriment of Singer. Singer faces immediate and irreparable harm, loss of its Collateral and proceeds, and potential loss of all rights and enjoyment in and to its Collateral. Each passing day only further diminishes and undermines Singer's Loan Agreement and Collateral, threatening to leave Singer without remedy.

16.     On February 17, 2004, Singer filed suit in Mobile County Circuit Court against the Debtor, American General and AGL for, inter alia, breach of contract and injunctive relief in case number CV 2004-483 (the "State Court Litigation").

17.     All Defendants were served with a Summons and Complaint. The Circuit Court determined the case was ready to be heard and set it for trial for August 3, 2004. That date was continued. The State Court Litigation was again set for trial on October 21, 2004, but continued because of this bankruptcy proceeding.

18.     On July 29, 2004, one (1) day after the first trial setting was continued, the Debtor filed a voluntary petition for relief pursuant to Chapter 7, Title 11 of the United States Code. Singer was not properly listed on the Debtor's Schedules as a secured creditor. Moreover, the Debtor's interest in a $50,000.00 payment to be made on or before April 1, 2010 and nine (9) monthly

4

payments of $750.00 from August 1st through and including April 1, 2015 were not disclosed by the Debtor.

19.    Singer is entitled to relief from the automatic stay to continue the State Court Litigation.  Absent completion of the State Court Litigation, an orderly liquidation of the Debtor's assets is not possible.

20.    11 U.S.C. §362(d)(1) contemplates that the automatic stay will be terminated for "cause".  Specifically, relief should be granted when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy litigation involves multiple parties or is ready for trial.  *In re Castlerock Properties*, 781 F.2d 159, 15 C.B.C.2d 20 (9th Cir. 1986); *see Packerland Packing Co., Inc. v. Griffith Brokerage Co.* (*In re S. Kemble*), 776 F.2d 802, 13 C.B.C.2d 873 (9th Cir. 1985) (judicial economy); *Garland Coal & Mining Co. v. United Mine Workers of Am.*, 778 F.2d 1297 (8th Cir. 1985) (arbitration of labor claim); *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986) (judicial economy).  In the instant case, there are multiple parties and the State Court Litigation has been set for trial twice and delayed each time.  Clearly, "cause" exists.

WHEREFORE, (i) Singer requests termination of the Automatic Stay and to allow Singer to seek all of its remedies requested in the State Court Litigation as if this bankruptcy proceeding were never filed; (ii) Singer requests that the automatic stay shall not remain in effect for an additional ten (10) day period pursuant to Rule 4001(a)(3) and that Singer shall be entitled to immediately continue the State Court Litigation; (iii) Singer requests that any order granting relief from Automatic Stay shall survive the dismissal and/or conversion of this bankruptcy case; and (iv) Singer requests all other general and specific relief as this court may deem just.

Respectfully submitted this 2nd day of November, 2004.

/s/Jeffery J. Hartley
JEFFERY J. HARTLEY    (HARTJ4885)
Bankruptcy Counsel for Creditor,
Singer Asset Finance Company, L.L.C.

Of counsel:
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
(251) 432-0633 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2004, I have served a copy of the foregoing document on the following, either electronically or by placing same in the U.S. Mail, postage prepaid and properly addressed as follows:

John W. Sharbrough, Esquire
156 St. Anthony Street
Mobile, AL 36603-6436
*Counsel for Debtor*

Denise I. Littleton
4321 Midmost Drive
Mobile, AL  36609
*Chapter 7 Trustee*

M. Warren Butler, Esquire
Lyons, Pipes & Cook P.C.
P. O. Box 2727
Mobile, AL 36652-2727
*Counsel for American General Life Insurance*

Ralph K. Strawn, Jr., Esquire
P.O. Box 246
Gadsden, AL  35902-0246

/s/Jeffery J. Hartley
Jeffery J. Hartley

6